IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CIVIL ACTION NO. 7:13-cv-182

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | COMPLAINT |
| v. | ) ) | |
| MOUNTAIRE FARMS, INC. d/b/a MOUNTAIRE FARMS OF NORTH CAROLINA CORP., | ) ) ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 ("Title VII") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Frantz Morette, who was adversely affected by such practices. Specifically, Plaintiff Equal Employment Opportunity Commission (the "Commission") alleges that Defendant Mountaire Farms, Inc. d/b/a Mountaire Farms of North Carolina Corp. ("Defendant") discriminated against Frantz Morette ("Morette") in violation of Title VII when it discharged him in retaliation for complaining about national origin discrimination.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina, Southern Division.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII of the Civil Rights Act of 1964, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a Delaware corporation doing business in the State of North Carolina and the City of Lumber Bridge, North Carolina, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Morette filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. On or about September 1, 2011, Defendant engaged in unlawful employment practices at its Lumber Bridge, North Carolina facility in violation of 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), when it discharged Morette in retaliation for engaging in a protected activity, as more fully set forth below.

8. On or about December 22, 2010, Morette was hired by East Coast Labor Solutions ("ECLS") to work as a translator for a group of Haitian workers at Defendant's facility

2

in Lumber Bridge, North Carolina (the "Lumber Bridge facility"). Although Morette was hired by ECLS, Defendant completely controlled Morette's working environment. Morette performed his job duties at Defendant's facility, was supervised by Defendant's employees, and his hours and schedule were determined by Defendant.

9. From early in Morette's employment at the Lumber Bridge facility, Morette complained to Defendant that Haitian workers were being treated poorly by Defendant's supervisors in comparison to non-Haitian employees. For example, Morette will testify that he observed, among other things, that (a) Defendant's supervisors repeatedly refused to allow the Haitian workers to take bathroom breaks, causing at least three Haitian workers to urinate on themselves, while at the same time, allowing non-Haitian workers to take bathroom breaks; (b) Defendant's supervisors repeatedly refused to allow the Haitian workers to undergo the training necessary to do the higher paying jobs at the Lumber Bridge facility while allowing non-Haitian workers to undertake such training; and (c) the Haitian workers were often harassed by their non-Haitian supervisors and coworkers by having chickens and chicken parts thrown at them.

10. Beginning around January 2011, Morette complained repeatedly to Defendant's supervisors and Human Resources Department about the treatment of the Haitian workers at the Lumber Bridge facility.

11. On or about September 1, 2011, Morette reported to Defendant's management that he observed one of Defendant's supervisors refuse to allow a Haitian worker to take a restroom break. Morette reported this incident to the supervisor's manager as well as to Morette's supervisor, who was also an employee of Defendant. Morette specifically stated his belief that the Haitian worker was being discriminated against because of national origin, Haitian.

12. Five days later, on or about September 6, 2011, Morette was informed by an employee of ECLS that Defendant had discharged Morette as of September 1, 2011. Morette was discharged because he opposed employment practices he reasonably believed were prohibited by Title VII.

13. At all relevant times, Defendant controlled aspects of the terms and conditions of Morette's employment with ECLS and was therefore a joint employer of Morette within in the meaning of Section 701(c) of Title VII, 42 U.S.C. § 2000e-2(c).

14. In the alternative, Defendant interfered with Morette's employment opportunities with ECLS because Morette opposed employment practices he reasonably believed were prohibited by Title VII. ECLS terminated Morette's employment after Defendant dismissed Morette from its Lumber Bridge facility because ECLS had no other available positions for Morette other than those at Defendant's facility. Defendant controlled Morette's access to its Lumber Bridge facility and thus controlled his access to employment opportunities with ECLS.

15. The effect of the practices complained of above has been to deprive Morette of equal employment opportunities and otherwise adversely affect his status as an employee because of his opposition to practices made unlawful under Title VII.

16. The unlawful employment practices complained of above were intentional.

17. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Morette.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in retaliation against employees because they have opposed unlawful employment practices or otherwise
4

Case 7:13-cv-00182-F   Document 1   Filed 08/28/13   Page 4 of 6

engaged in protected activity under Title VII.

B.    Order Defendants to institute and carry out policies, practices, and programs that provide equal employment opportunities for employees who oppose, or have opposed unlawful employment practices or otherwise engage in protected activity under Title VII, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant to make Morette whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices described above, including but not limited to reinstatement or front pay.

D.    Order Defendant to make Morette whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

E.    Order Defendant to make Morette whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

F. Order Defendant to pay Morette punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated this the 28th day of August, 2013

    Respectfully submitted,

    P. DAVID LOPEZ
    General Counsel

    JAMES L. LEE
    Deputy General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel

    LYNETTE A. BARNES
    Regional Attorney

    KARA GIBBON HADEN
    Virginia State Bar No. 29682
    Supervisory Trial Attorney
    Charlotte District Office
    129 W. Trade Street, Suite 400
    Charlotte, NC 28202

    /s/ Katherine A. Zimmerman
    KATHERINE A. ZIMMERMAN
    NC Bar No. 36393
    Trial Attorney
    Raleigh Area Office
    434 Fayetteville Street, Suite 700
    Raleigh, North Carolina 27601-1701
    Phone: (919) 856-4148
    Fax:    (919) 856-4151
    katherine.zimmerman@eeoc.gov

    **ATTORNEYS FOR PLAINTIFF**