IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MOUNTAIRE FARMS, INC. d/b/a ) <br> MOUNTAIRE FARMS OF NORTH ) <br> CAROLINA CORP., ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 7:13-cv-182 <br><br> **CONSENT DECREE** |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged that the Defendant Mountaire Farms, Inc. d/b/a Mountaire Farms of North Carolina Corp. (the "Defendant") discriminated against Frantz Morette in violation of Title VII when it discharged him in retaliation for his complaints about national origin discrimination. Defendant denies that it discriminated against Frantz Morette in violation of Title VII. The Commission does not disavow the allegations in its Complaint.

The Commission and Defendant hereby stipulate to the jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation.

It is therefore the finding of this Court, made on the pleadings and the record as a whole,

that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VII will be promoted and effectuated by the entry of the Consent Decree; and (3) this Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate or retaliate against any person because of his or her opposition to any practice made unlawful under Title VII or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

2. Defendant shall not discriminate against any person on the basis of national origin or any other protected category within the meaning of Title VII.

3. Defendant shall pay Frantz Morette the sum of Forty Eight Thousand and no 100s dollars ($48,000) in settlement of the claims raised in this action. Defendant shall make payment by issuing a check payable to Frantz Morette. Payment shall be made within fifteen (15) days after the Court approves this Consent Decree, and Defendant shall mail the check to Frantz Morette at an address provided by the Commission. Within ten (10) days after payment has been sent, Defendant shall send to the Commission a copy of the check and proof of its delivery to Frantz Morette. Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Frantz Morette may or may not incur on such payments under local, state and/or federal law.

4. Within ten (10) days of the entry of this Decree by the Court, Defendant shall eliminate from any employment-related records that it maintains for Frantz Morette any and all documents, entries, or references of any kind relating to the facts and circumstances which led to

the filing of EEOC Charge Number 433-2012-00653 and the related events that occurred thereafter. Additionally, within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall change all references in its personnel records for Frantz Morette from "terminated" to "voluntarily resigned." Defendant shall advise Frantz Morette's direct employer, East Coast Labor Solutions, in writing of the change and request that East Coast Labor Solutions modify its personnel records to reflect that Morette voluntarily resigned his assignment with Defendant. Within fifteen (15) days of the entry of this Decree by the Court, Defendant shall report compliance with this provision to the EEOC.

5. Within ninety (90) days of the entry of this decree by the Court, Defendant shall revise its existing anti-discrimination policy to include the following: (1) clearly described procedures for reporting discrimination, including contact information for the person to whom a complaint should be made; (2) assurance that Defendant will protect the confidentiality of discrimination complaints to the extent possible; (3) assurance that Defendant will not retaliate or take action against a person who makes a complaint of discrimination; (4) a procedure for the prompt, thorough, and impartial investigation of employee complaints of discrimination; and (5) assurance that Defendant will take immediate and appropriate corrective action when it determines that discrimination has occurred. Within one hundred (100) days of the entry of this decree, Defendant shall report compliance to the Commission. During the term of this Decree, Defendant shall distribute the policy to all new employees and review it with them at the time of hire.

6. Defendant provided training regarding anti-discrimination and diversity training to all of its employees in September 2013. As a part of this resolution, Defendant provided the Commission with proof of the substance and completion of said training. Said training included

3

the items that will be added to Defendant's policy as set forth in paragraph 5, *supra*. During the term of this Decree, Defendant shall disseminate to each current employee a copy of the policy during its annual training program described in paragraph 8, *infra*.

7.  During the term of this decree, Defendant shall post a copy of the policy described in paragraph 5, *supra*, in all of its facilities in a place where it is visible to all of its employees. If the policy becomes defaced or unreadable, Defendant will replace it by posting another copy of the policy. Within one hundred (100) days after the Consent Decree is entered, Defendant will post the policy and notify the Commission that it has been posted.

8.  During the term of this Decree, Defendant shall provide an annual training program to all of its managers, supervisors and employees. Each training program shall include an explanation of the requirements of Title VII and its prohibition against retaliation in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 5, *supra*, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed by no later than September 30, 2014, in accordance with Defendant's regular annual training schedule set forth above in paragraph 6. Each subsequent training program shall be conducted at approximately one-year intervals. At least fifteen (15) days prior to each program, Defendant shall provide the Commission with an agenda for the training program. Defendant should presume that the agenda is approved unless contacted by the Commission regarding the agenda within five (5) days of the Commission's receipt of the agenda. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

4

9. Beginning within thirty (30) days after the entry of this Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit A, hereby made a part of this Decree, in a place where it is visible to employees at its facilities. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within forty-five (45) days after entry of this Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

10. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Decree. The reports will include the following information:

    A. the identities of all individuals who, during the previous six (6) months, either verbally or in writing reported or complained about conduct the individual believed to be: (i) a violation of Title VII; and/or (ii) based on national origin, race, religion, sex or color. For each individuals, provide the person's name, address, telephone number, position, and social security number; and

    B. a brief description of the individual's complaint; and

    C. a description of all actions taken by Defendant in response to the individual's complaint; and

    D. for each individual identified in 10.A above, a statement as to whether the individual's employment status has changed in any respect (for example, including but not limited to termination, firing, demotion, promotion or from full-time to part-time and vice versa); and

    E. for each individual whose employment status has changed as identified in 10.D above, a detailed explanation as to why the individual's employment status changed.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

5

Case 7:13-cv-00182-F Document 17 Filed 11/25/13 Page 5 of 9

11. The Commission may review compliance with this Decree. As part of such review, the Commission may inspect Defendant's facility, interview employees and examine and copy documents. The Commission may inspect Defendant's facility for the purpose of ensuring compliance with all posting provisions in this Decree without notice. If the Commission intends to interview employees and examine and copy documents, the Commission will provide seventy-two (72) hours notice by telephone to: Director of Human Resources Pat Townsend at (302) 934-4074.

12. If anytime during the term of this Decree, the Commission believes that Defendant is in violation of the Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation and conciliation regarding such allegations before the Commission exercises any remedy provided by law.

13. The term of this Decree shall be for two (2) years from its entry by the Court.

14. All reports or other documents sent to the Commission by Defendant pursuant to this Decree shall be sent by email to: (1) <u>EEOC-CTDO-decree-monitoring@eeoc.gov</u>; or (2) if by mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 W. Trade Street, Suite 400, Charlotte, N.C. 28202.

15. Each party shall bear its own costs and attorney's fees.

16. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

_____11/25/13_____                  _____James C. Fox_____
Date                                    Judge, U.S. District Court
                                        Eastern District of North Carolina

7

The parties jointly request that the Court approve and enter the Consent Decree:

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISION, Plaintiff** | **MOUNTAIRE FARMS, INC., d/b/a Mountaire Farms of North Carolina, Defendant** |

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Lynette A. Barnes
LYNETTE A. BARNES
Regional Attorney
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, NC 28202
Phone: (704) 344-6878
lynette.barnes@eeoc.gov

/s/ Katherine A. Zimmerman
KATHERINE A. ZIMMERMAN
Trial Attorney
Raleigh Area Office
434 Fayetteville Street, Suite 700
Raleigh, NC 27601-1701
katherine.zimmerman@eeoc.gov
Phone: (919) 856-4148
Fax: (919) 856-4156
N.C. State Bar No. 36393
*Attorney for Plaintiff*

/s/ M. Lee Daniels, Jr.
M. Lee Daniels, Jr.
N.C. State Bar No. 10300
Wimberly Lawson Daniels & Fisher, LLC
Overlook Executive Park
109 Laurens Road
Building 4, Suite A
Greenville, SC 29607-1860
mldjr@wldf-law.com

/s/ Elizabeth K. Dorminey
J. Larry Stine
Elizabeth K. Dorminey
Wimberly, Lawson, Steckel, Schneider & Stine, P.C.
Suite 400, Lenox Towers
3400 Peachtree Road, N.E.
Atlanta, GA 30326
jls@wimlaw.com
*Attorneys for Defendant*

8

**EXHIBIT A**
IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MOUNTAIRE FARMS, INC. d/b/a ) <br> MOUNTAIRE FARMS OF NORTH ) <br> CAROLINA CORP., ) <br> Defendant. ) | Civil Action No. 7:13-cv-182 <br><br> **EMPLOYEE NOTICE** |

1. This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Mountaire Farms, Inc. d/b/a Mountaire Farms of North Carolina Corp. in a case of discrimination based on retaliation. Specifically, the EEOC alleged that Mountaire Farms discriminated against Frantz Morette in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") when it discharged him in retaliation for complaining about national origin discrimination. As part of the settlement, Mountaire Farms agreed to pay monetary damages to Morette and to take other action set out in the Consent Decree resolving this matter.

2. Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony, provided assistance in, or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

3. Mountaire Farms will comply with such federal law in all respects. Furthermore, Mountaire Farms will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U. S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, DC 20507
TEL: 1-800-669-4000
TTY: 1-800-669-6820

This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, 2015.

9